IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HECTOR ROCHE-MORENO, | : | 1:12-cv-330 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Thomas M. Blewitt |
| GEORGE H. MATANGOS, ESQ., | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

### April 2, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation

("R&R") of Magistrate Judge Thomas M. Blewitt (Doc. 9), filed on March 8, 2012,

which recommends that this action be dismissed with prejudice and that the

Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be granted solely for the

purpose of filing this action.  Plaintiff has not filed objections to the R&R and the

time to do so has lapsed.[1]   For the reasons set forth below, the Court will adopt

the R&R.

---

[1] Objections were due by March 26, 2012.

## I.  STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).  "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).  The Court's examination of this case confirms the Magistrate Judge's determinations.

## II.  BACKGROUND

*Pro se* Plaintiff Hector Roche-Moreno ("Plaintiff" or "Roche-Moreno"), a federal inmate at the Federal Correctional Institution at Fort Dix, New Jersey filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against his defense counsel and his defense counsel's law firm which he retained to represent him in his

federal criminal case.[2]  Specifically, Plaintiff names as Defendants George H.

Matanogos, Esq., William Costopoulos, Esq., David Foster, Esq. and Leslie Fields,

Esq.  All Defendants were employed by the law firm of Costopoulos, Foster &

Fields in Lemoyne, Pennsylvania.

Magistrate Judge Blewitt sets forth the facts pled by Plaintiff in detail in his

R&R at pages 1 to 5, thus we shall only summarize the salient facts herein.

Plaintiff alleges that he paid Attorney Matangos a $10,000 retainer to represent him

in his federal drug prosecution, and that after he paid Matangos' retainer, his lawyer

did not do any work for him.  Plaintiff claims that he raised this issue with Judge

Conner during his criminal case, and that Judge Conner advised Plaintiff that this

was a private matter between him and his former defense counsel, that it was not

part of his criminal proceeding, and that Plaintiff should proceed with his claim

against Attorney Matangos in a separate proceeding.  During the pendency of the

criminal case, Attorney Matanogos moved to withdraw from representation of the

Plaintiff, which was granted, and Roche-Moreno was appointed counsel by the

Court.

---

[2] Roche-Moreno's criminal case is docketed at *United States v. Hector Roche-Moreno,*
07-cr-191, M.D. Pa. (Conner, J.).

In his complaint, Plaintiff claims that Attorney Matangos' practices were intended to extort money from he and his family, and that he did not receive proper representation from Matangos, in violation of his Sixth and Fourteenth Amendment rights.  He also claims that the Matangos and his law firm violated his constitutional rights because he and his family were of Dominican ancestry.  Further, Plaintiff states that when he discharged Matangos from representing him in his criminal case, that Attorney Matangos made promises of refunding a major portion of the retainer money but that this money was never repaid. In his prayer for relief, Plaintiff seeks:

> Mental anguish (self and family) $50,000.  Hold Attorney George H. Matangos accountable for the intentional actions to violate my Sixth and Fourteenth Amendment.  To hold, Costopoul[o]s, Foster & Fields Law Firm accountable for allowing the practices, policies, rules in effect to violate anyone's constitutional rights.  Plaintiff (and family) should be compensated for the mental anguish, encount[er]ed by Defendant's wrongful actions. Jurisdiction required: 18 U.S.C. § 241, 242, 28 U.S.C. § 1343, 42 U.S.C. § 1985.

(Doc. 1, p. 5).

## III.   DISCUSSION

In the R&R, Magistrate Judge Blewitt undertook a preliminary screening of the complaint pursuant to 28 U.S.C. § 1915, and makes the following recommendations.  First, he concludes that Plaintiff's claims as asserted pursuant to 42 U.S.C. § 1983 fail as a matter of law because none of the Defendants, who

4

are private attorneys and a private law firm, are state actors, and section 1983 only

vindicates constitutional rights violated by state actors.  *See Gonzaga Univ. v. Doe*,

536 U.S. 273, 284-85 (2002).  Thus, Magistrate Judge Blewitt recommends that the

section 1983 claims be dismissed with prejudice, but notes that Plaintiff's proper

recourse would be to file a breach of contract and/or legal malpractice action

against the Defendants in state court.[3]  Magistrate Judge Blewitt recognizes the

precedent of *Alston v. Parker*, 363 F. 3d 229, which provides that a *pro se* plaintiff

should be given leave to amend his pleading unless a court finds bad faith, undue

delay, prejudice or futility, however he recommends that leave to amend the

section 1983 claim[4] be withheld because it necessarily fails due to the fact that the

Defendants are not state actors.  We agree entirely with the Magistrate Judge's

recommendations and conclusions.  It is evident that the Plaintiff cannot maintain

the federal causes of action he raises here against the Defendants because they are

not state actors, thus the claims against these Defendants are appropriately

dismissed with prejudice.  To reiterate, Plaintiff's proper recourse, if any, is to file

---

[3] Our reference to Plaintiff's possible recourse is not meant to imply that such an effort would be successful, and in fact we express no opinion whatsoever on the viability of these possible claims.

[4] Magistrate Judge Blewitt applies the same logic to Plaintiff's 42 U.S.C. § 1983(3) conspiracy claim, concluding that the claim cannot be maintained because none of the Defendants are state actors.

5

a breach of contract and/or legal malpractice claim against the Defendants in state court.

As we have already mentioned, the Plaintiff has not filed objections to this R&R.  Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety.  With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*.  An appropriate Order shall issue.